```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

| | |
|---|---|
| JOHNNY WILSON, JR., | * |
| | * |
|     Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00506-WS-B |
| | * |
| ANDREW M. SAUL,[1] | * |
| Commissioner of Social | * |
| Security, | * |
| | * |
|     Defendant. | * |

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Unopposed Motion for Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16). This motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S).

A review of the pleadings in this case reveals that Plaintiff filed a complaint on December 6, 2018, alleging that the decision by the Administrative Law Judge (hereinafter "ALJ") to deny Plaintiff disability insurance benefits and supplemental security income was "not supported by substantial evidence in the record" and further, that the ALJ's decision denying Plaintiff benefits

---

[1] The Court takes judicial notice of the fact that Andrew M. Saul is now the Commissioner of Social Security. Accordingly, pursuant to Fed. R. Civ. P. 25(d), the Clerk is **DIRECTED** to substitute Andrew M. Saul, Commissioner of Social Security, as the Defendant in this case.

was "the result of an incorrect application of law and regulation to the facts of Plaintiff's case." (Doc. 1 at 2). In response, the Government filed an answer on March 8, 2019, denying Plaintiff's allegations in the complaint and asserting that the Commissioner's findings of fact "are supported by substantial evidence and are conclusive[.]" (Doc. 11 at 1-2). Plaintiff filed his Social Security brief on April 8, 2019. (Doc. 13). Subsequent thereto, the Government filed the instant motion asserting that this matter should be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g), and that Plaintiff does not oppose a remand. (Doc. 16).

The Court finds that the Government's request for remand constitutes a tacit admission that Plaintiff's application was not appropriately considered; thus, this action should be reversed and remanded under sentence four of 42 U.S.C. § 405(g). See Melkonyan v. Sullivan, 501 U.S. 89, 98 (1991). For further procedures not inconsistent with this report, see Shalala v. Schaefer, 509 U.S. 292 (1993).

Accordingly, it is RECOMMENDED that Defendant's Unopposed Motion for Remand under sentence four (Doc. 16) be **GRANTED**, and that this action be **REVERSED** and **REMANDED** to the Social Security Administration for further administrative proceedings not

2

inconsistent with the orders of this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **25th** day of **June, 2019.**

               **/s/ SONJA F. BIVINS**
             **UNITED STATES MAGISTRATE JUDGE**