IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JOHNNY WILSON, JR., | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00506-WS-B |
| | * |
| ANDREW M. SAUL, | * |
| Commissioner of Social | * |
| Security, | * |
| | * |
| Defendant. | * |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff Johnny Wilson, Jr.'s unopposed Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA") and supporting memorandum, and Defendant's response thereto. (Docs. 20, 21, 23). The motion has been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S). Upon consideration of the pertinent pleadings, the undersigned finds that Plaintiff's motion is due to be **GRANTED in part,** and that Plaintiff is entitled to a reasonable attorney's fee award in the amount of **$809.88**[1] under the EAJA for legal

---

[1] Plaintiff's Motion for Award of Attorney's Fees contains two apparent arithmetic errors. Specifically, in the motion, Plaintiff incorrectly states that the equation of $125 x 246.847/152.4 yields an hourly rate of $199.84, when in fact it yields an hourly rate of $202.47. (See Doc. 20 at 1). Indeed, in the same paragraph, Plaintiff requests an hourly rate of $202.47. (See id.). However, in the next paragraph, Plaintiff "asks for an award of attorney's fees in the amount of $1,298.96 . . .

services rendered by his attorney in this Court.

Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner denying his application for a period of disability, disability insurance benefits, and supplemental security income. (Doc. 1). On June 21, 2019, Defendant filed an unopposed Motion for Remand, asserting that this matter should be remanded to the Commissioner of Social Security for further administrative proceedings pursuant to 42 U.S.C. § 405(g). (Doc. 16). An order and a judgment reversing and remanding the case for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) were entered on August 1, 2019. (Docs. 18, 19). Plaintiff is thus the prevailing party.

Plaintiff timely filed a motion for attorney fees under the EAJA, along with a supporting memorandum. (Docs. 20, 21). As noted, Plaintiff initially listed $1,298.96 as the amount of

---

calculated at the rate of $202.47 per hour for 4.00 hours of work on this case in Federal Court." (Id.). Of course, $202.47 x 4 = $809.88, and the remainder of Plaintiff's motion reflects that Plaintiff is in fact seeking attorney's fees in the amount of $809.88, not $1,298.96. (See id. at 2, 4). Defendant, in response to Plaintiff's motion, states that the Commissioner does not oppose Plaintiff's motion and agrees to pay Plaintiff **$1,298.96** in attorney's fees under the EAJA. (See Doc. 23). It appears that Defendant reached this figure as a result of the errors in Plaintiff's motion.

requested fees, but later listed the correct amount as $809.88. Defendant filed a response, consenting to the payment of $1,298.96 to Plaintiff as attorney fees under the Act. (Doc. 23). It appears that Defendant's consent to the payment of $1,298.96, rather than $809.88, stems from the errors in Plaintiff's motion.

The undersigned finds, based on Plaintiff's motion and the formula set forth in Lucy v. Astrue, 2007 U.S. Dist. LEXIS 97094, at *13-14 (S.D. Ala. July 5, 2007), that an hourly rate of $202.47 is appropriate.[2] The undersigned further finds that 4.00 hours is a reasonable number of hours for attorney time expended representing Plaintiff in federal court.[3] Thus, considering 4.00

---

[2] In Lucy, the following formula, based on the CPI, was utilized: ($125/hour) x (CPI-U Annual Average "All Items Index," South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted. Lucy, 2007 U.S. Dist. LEXIS 97094, at *13. The "temporal midpoint" is calculated by counting the number of days from the date that the claim was filed to the date of the Magistrate or District Judge's order and judgment. Id. at *5-6. Applying the Lucy formula in this case ($125 x 246.847/152.4) yields an hourly rate of $202.47, which the undersigned finds is reasonable, and which is the rate requested by Plaintiff. (Doc. 20 at 1, 4).

[3] Plaintiff has attached to the motion a time sheet detailing the description of work performed, the time expended, and the date on which the work was performed. (Doc. 20 at 4). The undersigned has reviewed this document and has considered the circumstances presented, as well as the usual number of hours billed by attorneys in similar actions. See, e.g., Clausell v. Astrue, 2012 U.S. Dist. LEXIS 167856, at *7, 2012 WL 5933025, at *2 (S.D. Ala. Nov. 27, 2012) (awarding attorney fees under the EAJA and finding 19.2 hours of attorney time in a social security case to be reasonable);

3

hours of work performed at a rate of $202.47 per hour, Plaintiff is entitled to the requested attorney's fees of $809.88.

Upon consideration of the pertinent pleadings, the undersigned Magistrate Judge **RECOMMENDS** that Plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 20) be **GRANTED in part**, and that Plaintiff be awarded a reasonable attorney's fee in the amount of **$809.88** under the EAJA for legal services rendered by his attorney in this Court.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the

---

Carter v. Astrue, 2012 U.S. Dist. LEXIS 132089, at *4-5, 2012 WL 4077289, at *2 (M.D. Fla. Sept. 17, 2012) (finding fourteen hours of attorney time in a social security case to be reasonable).

4

right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **30th** day of **October, 2019.**

            **/s/ SONJA F. BIVINS**
            **UNITED STATES MAGISTRATE JUDGE**